IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:

      TILTON CORPORATION,                      Case No. 3:06 MC 85

                                              O   R   D   E   R

                      Debtor,

KATZ, J.

This matter comes before the Court on a motion for leave to appeal under 28 U.S.C. § 158(a)(3)[1] and Bankruptcy Rule 8001(b)[2].  Also before the Court is an objection to the motion for leave to appeal and a reply thereto.   For the reasons stated below, the motion for appeal is not well taken.

### BACKGROUND

In early June 2006,  Tilton Industries, Inc., Tilton Corporation, and Moreland Leasing, Inc., ("Tilton Entities") petitioned the Court of Common Pleas for Allen County to be placed into a voluntary receivership.  Attorney Bruce C. French ("French")was appointed a the Receiver for the Tilton Entities in the state court action.  On June 21, 2006, Lima Area Local 776 Health and Welfare Plan, Ohio Carpenters Health and Welfare Fund, and Sheet Metal Local Union No 224

---

[1]  "The district courts of the United States shall have jurisdiction to hear appeals. . . with leave of the court, from other interlocutory order and decrees; . . . "

[2]  An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

Welfare Plan ("Petitioning Creditors"), filed the instant Chapter 7 Involuntary Petition in the United States Bankruptcy Court for the Northern District of Ohio.  The docket reflects that an interested party, Bruce C. French,  filed a motion for abstention (Bankr. Doc. No. 14).  On August 9, 2006, the Bankruptcy Court heard oral argument and  following a three hour hearing, issued an oral ruling from the bench denying the motion for abstention (Bankr. Doc. No. 71).

Thereafter, the Debtor, Tilton Corporation, filed a notice of appeal on August 18, 2006 (Bankr. Doc. No. 83).  On August 28, 2006, Mr. French filed a notice of substitution of counsel (Bankr. Doc. No. 109) advising of his representation of the Debtor and contemporaneously filed a motion for leave to appeal (Bankr. Doc. No. 111).

DISCUSSION

Under 28 U.S.C. § 158, the district court has jurisdiction over an appeal involving leave to consider an interlocutory appeal from the bankruptcy court.  Interlocutory appeals from the bankruptcy court are permitted only in exceptional and extraordinary circumstances.  *Mason v. Massie*, 335 B.R. 362, 368-269 (N.D. Ohio 2005).

A.  *Compliance With Bankruptcy Rule 8003(a)*

Under Fed. Bankr. Rule 8003(a):

A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 10 days after service of the motion, an adverse party may file with the clerk an answer in opposition.

It is clear that the notice of appeal filed on August 18, 2006, does not meet the requirements under Rule 8003(a).  A careful review of Tilton Corporation's motion for leave finds

2

that its statement of facts is incomplete as it fails to provide some basic details, such as the status of the parties in the involuntary petition.  For example, a review of the transcript indicates the Bankruptcy Judge immediately questioned the standing of the state court Receiver, Mr. French, as movant advocating abstention on behalf of the Debtor.  (Bankr. Doc. No. 143, pp. 4-7).  Mr. French also fails to advise the district court that he has also filed a substitution of counsel and now represents the Debtor while at the same time maintaining his role as the Receiver in the state court action.   The three petitioning creditors who initiated this involuntary appeal are owed approximately $1 million dollars by the Debtor, not an insignificant amount.  The movant also fails to apprize this Court that the state court action was in its infancy just prior to the filing of the involuntary petition initiated by the three creditors.

As noted by the district court in *Mason*, the items contained in Fed. R. Bankr. P. 8003(a) "are not merely formal requirements; rather a motion in compliance with the Rule must be filed." 335 B.R. 368 (citing *In re Cote*, 200 B.R. 971, 972 (1st Cir. BAP 1996). Although the movant here has arguably met this standard in part, it is insufficient to comply with the requirement under Rule 8003(a).

*B.  Standing*

Standing is determined at the moment of filing.  *See Senter v. General Motors Corp.,* 532 F.2d 511, 518 (6th Cir.), *cert. denied,* 429 U.S. 870 (1976).  Under 11 U.S.C. § 101 (11), a custodian is defined as a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title."  It would appear that Mr. French, as the state court receiver, is a custodian within the statutory definitions and occupied that position at the time this involuntary petition was initiated in the Bankruptcy Court.   He does not offer any explanation or

3

authority for his substitution of counsel on behalf of the debtor while remaining the state court receiver.  Accordingly, standing to pursue this interlocutory appeal is without merit.

### CONCLUSION

For the reasons stated above, the involuntary Debtor's motion for leave to appeal is denied.

IT IS SO ORDERED.

    _S/ David A. Katz_
DAVID A. KATZ
U. S. DISTRICT JUDGE

4